**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| ANTHONY D. OWEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:17-CV-100 |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Anthony D. Owen, a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary hearing (ISP 17-10-15) where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a controlled substance in violation of Indiana Department of Correction policy B-202. ECF 1 at 1. As a result, he was sanctioned with the loss of 30 days earned credit time.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S.

539, 563 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his petition, Owen argues that there was insufficient evidence to have found him guilty of possessing a controlled substance because the substance confiscated from him tested "negative." ECF 1 at 2. However, contrary to his belief, possessing a synthetic lookalike drug is unlawful as well. "A person who possesses a synthetic drug or synthetic drug lookalike substance commits possession of a synthetic drug or synthetic drug lookalike substance, a Class B infraction." Indiana Code § 35-48-4-11.5(b). "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Here, since Owen does not dispute that he possessed the leafy substance which looked like an illegal drug, there was sufficient evidence to have found him guilty. Therefore, this ground is not a basis for habeas corpus relief.

Owen also argues that he should not have been found guilty because he has been given several urine tests, one before the

incident and one after the incident, which were both negative for drug use. ECF 1 at 2. However, this is not relevant to the disciplinary charge in this case because Owen was charged with possession, not use, of a controlled substance.

Therefore, not only is there sufficient evidence to find Owen guilty of the charged offense, but there has been no showing that he was deprived of due process along the way. For these reasons, the petition (DE 1) is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.


**DATE: June 13, 2018**                    **/s/RUDY LOZANO**
                                           **UNITED STATES DISTRICT COURT**